Submitted December 28, 1976, reversed and remanded January 20, 1977

SEAVER et ux, *Appellants,*

*v.*

COUNTS et ux, *Respondents.*

(74-2472—24522)

558 P2d 1232

Edward N. Fadeley, Eugene, submitted a brief for appellants.

Arnold R. Counts and Opal G. Counts submitted a brief in propria personae.

Before Denecke, Chief Justice, and Holman, Tongue, Howell, Lent and Mengler, Justices.

MENGLER, Justice pro tempore.

**MENGLER,** Justice pro tempore.

This is an appeal submitted on briefs from a judgment entered on a special verdict in an action of ejectment.

The plaintiffs are owners of real property, a part of which has been leased to, and used by, successive owners of an adjoining trailer park. The property was leased from September 1, 1945 to September 1, 1970 under three separate but consecutive leases, each of which provided as follows:

> "It is further understood and agreed that any and all improvements made on the premises by the leassees [sic] shall be at their own expense, and at the expiration of the lease, or any earlier cancellation thereof, for any reason whatsoever, said improvements shall be left on said premises and shall be and become the property of the lessor."

The defendants purchased the trailer park in 1972, two years after the last lease on plaintiffs' property had expired. The defendants continued to occupy and use the property in the same manner as it had been under the lease. The plaintiffs brought an action of ejectment. The defendants denied generally and pleaded an affirmative defense of adverse possession, and a setoff for improvements under ORS 105.030.

The case was tried to a jury which returned a special verdict as follows:

> 1. The boundary line between the property of Plaintiffs and Defendants is formed by: (a) The center line of abandoned highway 303.
>
> 2. Defendants are NOT entitled to the parcel of land in dispute by reason of adverse possession.
>
> 3. Plaintiffs have been damaged in the amount of $800.
>
> 4. The reasonable value of improvements made upon the property in dispute is $2,500.

A judgment was entered which ordered and adjudged as follows:

> 1. That the boundary between the parties is the

center line of abandoned Highway 303, more particularly described as follows: "* * *"

2. That defendants are not entitled by adverse possession to any land lying north of the above described boundary line between the parties.

3. That defendants shall cease to occupy the land north of the boundary line and shall remove all movable personal property placed there by them.

4. That defendants shall remove a portion of their building which lies north of the boundary.

5. That defendants are allowed $1,750 offset for their improvements upon the disputed property.

The appellants allege that the trial judge erred in several particulars: (1) in entering judgment for the value of the improvements, and (2) in entering the judgment for $1,750 even if defendants were entitled to compensation for their improvements.

The respondents did not specify error, but alleged generally that judgment should be entered for them for $5,000 for the improvements and awarding them title to the disputed land.

The question before this court is whether the judgment entered on the special verdict is in error.

A partial transcript was filed, including only the testimony of a registered surveyor and of the defendant Arnold R. Counts.

There is no evidence that any improvements were made on the disputed property after September 1, 1970 when the last lease expired. There is indirect evidence that some of the disputed improvements—a wood frame house, three cement mobile home pads, 35 feet of fencing, and approximately 275 feet of surfaced roadway—were on the property prior to 1970.

The only evidence regarding the value of the improvements is the testimony of the respondent Counts as follows:

"Q. Mr. Counts, Mr. Counts, you are pleading in this case, your answer, which I prepared in your behalf,

contains some language which I would like to read to you, please. This appears under your alternate setoff claim.

" 'Defendants and those under whom they claim have made permanent improvement on the property claimed by plaintiffs while holding possession under color of title in good faith and adversely to the claim of plaintiffs. Such improvements include a wood frame house, 3 cement mobile home pads, approximately 35 feet of fencing, approximately 275 feet of surface roadway and other miscellaneous improvements associated with the permanent and mobile residential use of the disputed property.'

"The next paragraph continues: 'The fair value of such improvements are not less than $5,000.'

"And will you please tell us, as the owner of the property, if that figure, $5,000, is your estimate as to the total value of those improvements?

"A. Yes, it is."

The evidence is uncontradicted that from September 1945 to September 1970 the property was held under the terms of a lease which specifically provided that any improvements became the property of the appellants.

There is no evidence which would bring the respondents within ORS 105.030, which provides as follows:

" * * * When permanent improvements have been made upon the property by the defendant, or those under whom he claims, while holding under color of title in good faith and adverse to the claim of the plaintiff, the value of the improvements at the time of trial shall be allowed as a setoff against such damages."

■ In order for the verdict of the jury to permit a setoff of $2,500 to the defendants under ORS 105.030, the finding would have had to include that the improvements were made at a time when the property was not a subject of the lease and were made under the color of title in good faith and adverse to the claim of the plaintiffs. The jury apparently viewed the property and concluded that the improvements thereon were

valued at $2,500. The finding as returned is on an immaterial issue and should be disregarded since it cannot affect the judgment to be entered.

■ It was error for the trial court to order the defendants to remove a part of a building which appears to be on land of the plaintiffs and which plaintiffs are entitled to possess.

■ The judgment entered by the trial court is in error. The judgment entered on the special verdict should provide as follows:

1. Plaintiffs are owners in fee simple and entitled to, and shall recover, possession of the described property.

2. Plaintiffs are awarded $800 as damages for loss of rents and profits.

The judgment of the trial court is reversed and the matter is remanded to the trial court for entry of a judgment accordingly.